UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
JAMES KALAMARAS,

                 Plaintiff,

                                       <u>MEMORANDUM & ORDER</u>
       -against-                    13-CV-4832(JS)(ARL)

JOHN T. MATHER MEMORIAL HOSPITAL;
KENNETH D. ROBERTS, President of
John T. Mather Memorial Hospital,
and "JOHN DOE", Counsel for
Defendants,

                 Defendants.
--------------------------------X
APPEARANCES
For Plaintiff:      James Kalamaras, <u>pro se</u>
                    90 Pear St.
                    Brentwood, NY 11717

For Defendants:     No appearances.

SEYBERT, District Judge:

          <u>Pro se</u> plaintiff James Kalamaras ("Plaintiff") filed a
Complaint in this Court on August 22, 2013 pursuant to 42 U.S.C. §
1983 ("Section 1983") together with an application to proceed <u>in
forma pauperis</u>.  On September 18, 2013, Plaintiff filed an Amended
Complaint.  However, the Amended Complaint was unsigned.
Accordingly, by letter dated November 6, 2013, the Court returned
the unsigned Amended Complaint and advised Plaintiff that an
original signature is required on all papers filed with the Court.
The Court's letter was returned on November 15, 2013 with a
notation "Return to Sender; Not Deliverable as Addressed; Unable to
Forward."  (Dkt. No. 12.)  However, after the Court's letter was
sent on November 6, Plaintiff filed a change of address form with

the Court on November 11, 2013. Accordingly, the Court resent its letter to Plaintiff at the updated address on November 25, 2013. To date, Plaintiff has not filed a signed Amended Complaint. The Court has compared the original Complaint to the unsigned Amended Complaint and finds that they are nearly identical. Both pleadings name the same defendants, namely John T. Mather Memorial Hospital ("the Hospital"), Kenneth D. Roberts, President of the Hospital ("Roberts"), and "John Doe" counsel for the Hospital and Roberts ("Counsel" and collectively, "Defendants"). Both pleadings purport to allege, <u>inter</u> <u>alia</u>, that the Defendants have violated Plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983 in connection with the Hospital's billing practices.

Upon review of the declaration in support of the application to proceed <u>in forma pauperis</u>, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. <u>See</u> 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed <u>in forma pauperis</u> is GRANTED. However, for the reasons that follow, the action is <u>sua</u> <u>sponte</u> DISMISSED WITH PREJUDICE.

<u>BACKGROUND</u>[1]

Plaintiff's claims[2] arise from a rhinoplasty surgery

---

[1] All allegations in the Plaintiff's Complaint are presumed to be true for the purposes of this Memorandum and Order.

[2] Given that Plaintiff's Amended Complaint is unsigned, it is not properly before the Court. However, given Plaintiff's <u>pro se</u>

performed on Plaintiff in 2001 at the Hospital's Port Jefferson location. (Compl. at 2, ¶ 3.) Plaintiff describes that he was involved in a car accident on January 3, 2001 and that the accident claim was deemed a "no-fault" claim under the New York Mandatory Personal Protection Act. (Compl. at 2, ¶¶ 1-2.) Plaintiff alleges that he executed an Assignment of Benefits form in favor of the Hospital in connection with the rhinoplasty surgery. (Compl. at 2, ¶ 3.) Plaintiff alleges that the Hospital submitted an untimely bill for services rendered and the bill thus was denied by Plaintiff's insurance company, American International Group ("AIG"). (Compl. at 3-4, ¶¶ 8, 13.)

Plaintiff alleges that the Hospital then sought to collect payment directly from Plaintiff as a "self-pay" claim. (Compl. at 5-6, ¶ 17.) Plaintiff did not pay the Hospital and, in 2002, the Hospital commenced an action against Plaintiff in Suffolk County District Court seeking to recover the payment. (Compl. at 6, ¶ 19.) Plaintiff claims that he was not properly served with process, nor could he have been, since he was incarcerated at the time that action was commenced. (Compl. at 6, ¶ 20.) Plaintiff alleges that a default judgment was entered against him and in favor of the Hospital, notwithstanding the fact that Plaintiff had

status, the Court has reviewed it and finds it suffers from the same substantive deficiencies as the original Complaint. Accordingly, the Court cites only to the Complaint in this Memorandum and Order.

not been served.  (Compl. at 6, ¶ 22.)  Plaintiff claims that this judgment, in the amount of approximately $8,900, remains outstanding and "is still to this current day lodged against Plaintiff's name, and continues to cause injury to Plaintiff." (Compl. at 7, ¶ 23.)

Plaintiff next alleges that, in 2012, Plaintiff received a $20,400 payment from Worker's Compensation for an unrelated injury Plaintiff suffered in 2000.  (Compl. at 7, ¶ 24.)  That payment was deposited into Plaintiff's Chase bank account.  (Compl. at 7, ¶ 24.)  However, several days later, Plaintiff learned that his account was on "hold" as a result of the judgment held by the Hospital against Plaintiff.  (Compl. at 7, ¶ 25.)  Because Plaintiff does not have access to the funds in his Chase back account, Plaintiff alleges that he has "been unable to afford present and future medical treatment causing him unnecessary physical pain and discomfort."  (Compl. at 8-9, ¶ 27.)

Based on the foregoing, Plaintiff claims that the Defendants have violated his constitutional rights as afforded by the Fourth, Fifth, Seventh, Eighth, and Fourteenth Amendments. (Compl. at 11-12.)  In addition, Plaintiff alleges a host of state law claims, including breach of contract, breach of the duty of care, intentional and negligent infliction of emotional distress, fraud, and misrepresentation.  (Compl. at 11-12.)  For relief, Plaintiff seeks to recover a damages award totaling $232 million as

well as an injunction vacating the money judgment entered against Plaintiff in Suffolk County District Court and declaratory relief correcting his credit records with all credit bureaus.  (Compl. at 13.)

DISCUSSION

I.   Application to Proceed In Forma Pauperis

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees.  See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II.   Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b).  The Court is required to dismiss the action as soon as it makes such a determination.  See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally.  Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004).  However, a complaint must plead sufficient

5

facts to "state a claim to relief that is plausible on its face."
Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167
L. Ed. 2d 929 (2007).  "A claim has facial plausibility when the
plaintiff pleads factual content that allows the court to draw the
reasonable inference that the defendant is liable for the
misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.
Ct. 1937, 173 L. Ed. 2d 868 (2009) (citation omitted).  The
plausibility standard requires "more than a sheer possibility that
defendant has acted unlawfully."  Id.; accord Wilson v. Merrill
Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011).  While "'detailed
factual allegations'" are not required, "[a] pleading that offers
'labels and conclusions' or 'a formulaic recitation of the elements
of a cause of action will not do.'"  Iqbal, 556 U.S. at 678
(quoting Twombly, 550 U.S. at 555).

III.  Section 1983

        Section 1983 provides that

        [e]very person who, under color of any
        statute, ordinance, regulation, custom, or
        usage, of any State . . . subjects, or causes
        to be subjected, any citizen of the United
        States . . . to the deprivation of any rights,
        privileges, or immunities secured by the
        Constitution and laws, shall be liable to the
        party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, --- U.S. ----, 132 S.
Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012).  To state a claim
under Section 1983, a plaintiff must "'allege that (1) the
challenged conduct was attributable at least in part to a person

who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)). Section 1983 does not create any independent substantive right, but rather, is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999); see also Rosa R. v. Connelly, 889 F.2d 435, 440 (2d Cir. 1989).

Here, Plaintiff alleges his constitutional rights as afforded by the Fourth, Fifth, Seventh, Eighth, and Fourteenth Amendments have been deprived by the Defendants. (Compl. at 11-12.) However, because the Defendants are not state actors, Plaintiff's Section 1983 claims against them are not plausible for the reasons that follow.

A.  State Action

As noted above, in order to state a claim for relief under Section 1983, a plaintiff must establish a deprivation of constitutional rights by a person acting "under color of law." Briscoe v. LaHue, 460 U.S. 325, 329-330, 103 S. Ct. 1108, 75 L. Ed. 2d 96 (1983); Ahlers v. Rabinowitz, 684 F.3d 53, 60-61 (2d Cir. 2012). It is well-established that Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.'" Hooda v. Brookhaven Nat. Lab., 659 F. Supp. 2d 382, 393 (E.D.N.Y.

2009) (quoting <u>Rendell–Baker v. Kohn</u>, 457 U.S. 830, 837, 102 S. Ct. 2764, 2769, 73 L. Ed. 2d 418 (1982)).  Thus, "a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." <u>Flagg v. Yonkers Sav. & Loan Ass'n</u>, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks and citation omitted).

Although private citizens are generally not state actors for purposes of Section 1983, liability may nevertheless be imposed under Section 1983 upon private individuals who are deemed state actors pursuant to a conspiracy theory. <u>See</u>, <u>e.g.</u>, <u>Ciambriello v. Cnty. of Nassau</u>, 292 F.3d 307, 324–325 (2d Cir. 2002).  In order to state a Section 1983 conspiracy claim, a plaintiff "must allege (1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." <u>Id.</u> (citing <u>Pangburn v. Culbertson</u>, 200 F.3d 65, 72 (2d Cir. 1999)).

Here, Plaintiff fails to allege that the Hospital, Roberts or the Hospital's unidentified Counsel were acting under color of state law, nor are there any facts from which the Court could reasonably construe a conspiracy claim against any of these Defendants.  Thus, in the absence of any allegation of state action by these Defendants, Plaintiff's Section 1983 claims against them are not plausible as a matter of law.  <u>Am. Mfrs. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999)

("[T]he under-color-of-state-law element of § 1983 excludes from
its reach merely private conduct, no matter how discriminatory or
wrongful." (internal quotation marks and citation omitted)).
Accordingly, Plaintiff's Section 1983 claims against Defendants are
DISMISSED WITH PREJUDICE.

    B.   <u>State Law Claims</u>

      Under <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350,
108 S. Ct. 614, 98 L. Ed. 2d 720 (1988), a federal court should
generally decline to exercise supplemental jurisdiction over state
law claims if, as is the case here, the complaint asserts federal
question jurisdiction but not diversity jurisdiction, and the
complaint's federal claims are dismissed in the litigation's "early
stages." <u>See also</u> 28 U.S.C. § 1367(c)(3); <u>Tops Marks, Inc. v.
Quality Markets, Inc.</u>, 142 F.3d 90, 103 (2d Cir. 1998) ("[W]hen all
federal claims are eliminated in the early stages of litigation,
the balance of factors generally favors declining to exercise
pendent jurisdiction over remaining state law claims and dismissing
them <u>without</u> prejudice." (emphasis in original.)). As discussed
above, the Court dismissed all of Plaintiff's federal claims.
Accordingly, the Court declines to exercise supplemental
jurisdiction over Plaintiff's remaining state law claims and
DISMISSES them WITHOUT PREJUDICE on this basis. <u>See Carnegie-
Mellon</u>, 484 U.S. at 350.

9

CONCLUSION

For the reasons set forth above, the application to proceed in forma pauperis is GRANTED. Plaintiff's federal claims are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b), and the Court declines to extend supplemental jurisdiction over the remaining state law claims and DISMISSES those claims WITHOUT PREJUDICE.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the Plaintiff and to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     January   24  , 2014
           Central Islip, New York